UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAMS ADONIAS CRUZ-CHAVEZ,

Petitioner,

v.

UNITED STATES OF AMERICA, *et al.*,

Respondents.

Case No. C26-3789-SKV

ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

This is a federal habeas action brought under 28 U.S.C. § 2241. *See* Dkts. 1, 7. This matter comes before the Court on Petitioner's Emergency Motion for a Temporary Restraining Order (TRO). Dkt. 4.

Petitioner asserts that his motion "is based upon the fact that Respondents are now in the process of immediately deporting detainees [such] as Petitioner whom [*sic*] are in the process of filing for Habeas relief and or [*sic*] attempting to exercise their Constitutional protections." *Id.* at 2. He further asserts that he filed the emergency motion "in order to keep the above named Respondent[s] and others working in concert from deporting [him to] Honduras . . . or any other third country unknown to [him] as those countries do have extradition treaties with Honduras[.]"

*Id.* at 3. Notably, Petitioner seeks only "immediate release . . . to the community at large or in the State of Utah[.]" *Id.* at 5.

A TRO, like any preliminary injunctive relief, "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To receive a TRO, Petitioner must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.

The record is limited, but it appears Petitioner is not likely to succeed on the merits of his underlying habeas petition. In his motion, Petitioner asserts that his arrest and detention violate the Constitution "and the mandates of . . . *Zadvydas v. Davis*, 533 U.S. 678 (2001) . . . as he's already been detained at ICE . . . 76 days[.]" Dkt. 4 at 2.

In *Zadvydas*, the Supreme Court held 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention of noncitizens subject to a final order of removal, but rather only for a period reasonably necessary to accomplish removal. 533 U.S. at 689. The Court established six months as the presumptively reasonable detention period. *Id.* at 701.

Here, Petitioner does not claim to be subject to a final order of removal or assert that his detention falls under § 1231(a)(6). *See generally* Dkt. 4. However, Petitioner does assert that he has been detained since July 15, 2026, *see id.* at 1, which would place his current detention well within the six-month presumptively reasonable period articulated in *Zadvydas*—which, again, is the case he cites to support his motion. Petitioner's detention could also possibly fall within the 90-day mandatory detention period under 8 U.S.C. §§ 1231(a)(1), (a)(2), which would preclude the relief Petitioner seeks here—release from custody. *Id.* at 5; *but see Jennings v. Rodriguez*,

583 U.S. 289 (2001) (acknowledging that when a noncitizen is ordered removed, the noncitizen "must be detained" during the subsequent 90-day removal period under § 1231(a)(2)).

It is also not clear to the Court whether Petitioner's removal order is final; a necessary condition to demonstrate that his detention falls under § 1231(a) and is thus subject to the temporal limitations discussed in *Zadvydas*. Instead, it appears Petitioner's detention may still fall under pre-final-order detention authorities outlined in 8 U.S.C. §§ 1225(b) and 1226(a). The Court observes that in his underlying habeas petition, Petitioner indicates he filed an appeal of his removal order with the Board of Immigration Appeals and that appeal remains pending. Dkt. 1-1 at 2. If this is true, Petitioner's removal order would not become administratively final for purposes of § 1231(a), and thus triggering *Zadvydas'* potential relevance, unless or until the BIA dismissed the appeal. *See* 8 C.F.R. § 1241.1(a)-(f) (listing circumstances when an order of removal becomes final, including upon dismissal by the BIA); *see also* 8 U.S.C. § 1231(a)(1)(B) (indicating the final order removal period begins when the removal order becomes administratively final).

Neither Petitioner's emergency motion, nor his underlying habeas petition resolve the statutory detention question, which is an important threshold issue for noncitizens challenging the lawfulness of their immigration detention. *See Prieto-Romero v. Clark*, 534 F. 3d 1053, 1057 (9th Cir. 2008) ("Where [a noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."). Moreover, not every meritorious immigration habeas petition leads to the sole relief sought here: release from custody. *See, e.g.*, *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116, 1118-20 (W.D. Wash. 2019) (setting forth the

multi-factor test used to analyze whether due process requires § 1225(b) detainees be provided a bond hearing).

On the current record, the Court does not find Petitioner has demonstrated he is likely to succeed on the merits, entitling him to release from immigration custody. The Court accordingly ORDERS that:

(1) Petitioner's motion for a TRO, Dkt. 4, is DENIED without prejudice.[1]

Dated this 9th day of October, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

[1] The Court's Order does not leave Petitioner entirely without protection. The Court's scheduling order requires Respondents to provide "at least 7 days' notice prior to any action to move or transfer Petitioner from the Western District of Washington or to remove them from the United States." Dkt. 8 at 2.