UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAMS ADONIAS CRUZ-CHAVEZ,

Petitioner,

v.

UNITED STATES OF AMERICA, *et al.*,

Respondents.

Case No. C26-3789-SKV

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He appeared pro se and filed this 28 U.S.C. § 2241 habeas petition, challenging his immigration detention as lacking a statutory basis, in violation of his due process rights under the Fifth Amendment. *See* Dkt. 7. He seeks release from custody or a bond hearing. *Id.* at 3. Respondents filed a return to the petition, Dkt. 11, together with supporting declarations from U.S. Department of Homeland Security ("DHS") Deportation Officer Christopher Hubbard, Dkt. 12 ("Hubbard Decl."), and their counsel Lawrence Van Daley, Dkt. 13 ("Van Daley Decl."). Petitioner did not file a traverse in reply.

Having reviewed the parties' submissions and the governing law, the Court DENIES the petition, Dkt. 7, for the reasons set forth herein.

## I. BACKGROUND

Petitioner is a native and citizen of Honduras, who was encountered by U.S. Border Patrol on July 5, 2019, near El Paso, Texas. Hubbard Decl., ¶ 4. Border Patrol determined Petitioner had entered without inspection and served him with a Notice to Appear ("NTA") charging him with removability under the Immigration and Nationality Act ("INA"). *Id.* An immigration judge dismissed the case and terminated removal proceedings on August 2, 2024. *Id.* Respondents do not explain, and the record does not clarify, why Petitioner's removal proceedings were terminated.

On April 23, 2026, Petitioner was convicted of "Aggravated Child Abuse – Intentionally or Knowingly" in the Fifth Judicial District Court in St. George, Utah. *See* Van Daley Decl., ¶ 2, Ex. 2 (judgment and sentence). Petitioner was sentenced "to an indeterminate term of not to exceed five years in the Utah State Prison," which was suspended. *Id.* at 3. ICE's Office of Enforcement and Removal Operations ("ERO") took custody of Petitioner from the Washington County Jail and issued him a new NTA charging him with removability under the INA. Hubbard Decl., ¶ 6. Petitioner was transferred to the NWIPC on July 21, 2026. *Id.* ¶ 7.

On September 9, 2026, Petitioner attended an immigration merits hearing, at which he waived his right to apply for relief from removal and requested voluntary departure. *Id.* ¶ 8. The Immigration Judge ("IJ") denied Petitioner's request and ordered Petitioner removed to Honduras. *Id.* Petitioner filed an appeal of his removal order with the Board of Immigration Appeals ("BIA") on September 23, 2026, which remains pending. *Id.*

On October 21, 2026, Petitioner attended a bond hearing at which the IJ denied bond after finding Petitioner failed to prove he was not a danger to the community or a flight risk. *Id.* ¶ 9; *see* Van Daley Decl., ¶ 2, Ex. 7 (bond order).

## II. LEGAL STANDARDS

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). A petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III. DISCUSSION

Petitioner raises two grounds for relief. First, he asserts his detention "after three days" violates the First, Fourth, Fifth, Sixth, and Eighth Amendments to the U.S. Constitution. Dkt. 7 at 3. Although the petition is somewhat unclear, it appears Petitioner is challenging his detention "without a valid warrant signed by a federal judge and accompanied with a certified warrant counter signed by a clerk[]." *Id.* His second ground, entitled "Due Process Violation/Liberty Interest, and the A.P.A. Administrative Procedure Act," asserts that "as a result of the above," Respondents have violated the Fifth Amendment and the APA. *Id.* In response, Respondents assert that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and that his detention comports with due process. Dkt. 11 at 4-8.

Most of Petitioner's briefing in support of his petition discusses the right to a bond hearing for noncitizens subject to discretionary detention. Dkt. 7 at 6-9. It is true that noncitizens like Petitioner who are detained under 8 U.S.C. § 1226(a) have the statutory right to

a bond determination upon their initial detention, which can be reviewed by an immigration judge. 8 C.F.R. § 236.1(d)(1); 8 C.F.R. § 1003.19(a); *see Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). Noncitizens also have the right to seek redetermination of the initial bond decision upon showing "circumstances have changed materially since the prior bond determination." 8 C.F.R. § 1003.19(e). Here, Petitioner already received a bond hearing on October 21, 2026, at which the immigration judge denied bond after finding Petitioner failed to prove he was not a danger or a flight risk. Petitioner does not assign legal error to that determination here or indicate whether he sought, or was denied, a subsequent redetermination upon materially changed circumstances.

Petitioner also argues that the length of his detention—75 days at the time of his petition—is "completely excessive" and thus entitles him to relief. Dkt. 7 at 11. In *Jennings*, the Court noted that "[n]othing in § 1226(a)'s text—which says only that the Attorney general 'may release' the [noncitizen] 'on bond'—even remotely supports the imposition" of periodic bond hearings every six months[.]" 583 U.S. at 847. The Court further noted, "Nor does § 1226(a)'s text even hint that the length of detention prior to a bond hearing must specifically be considered in determining whether the [noncitizen] should be released." *Id.* at 848. And in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1203, 1207 (9th Cir. 2022), the Ninth Circuit found that due process did not entitle the petitioner, who had been detained under § 1226(a) "for fourteen months following his first bond hearing" to a second bond hearing at which the government bore the burden of proof by clear and convincing evidence. The petition does not otherwise identify any authority that would support finding his detention unlawful, or authorize his release from custody, based solely on the current length of his detention.

Petitioner's remaining claims regarding the lawfulness of the warrant, and whether his detention violates the APA or the First, Fourth, Sixth, and Eighth Amendments, are unbriefed. Accordingly, on the current record, Petitioner has not demonstrated by a preponderance of evidence that his immigration detention is unlawful. His petition therefore is denied without prejudice.

**IV. CONCLUSION**

For these reasons, the petition for writ of habeas corpus, Dkt. 7, is DENIED without prejudice.

Dated this 13th day of November, 2026.

S. KATE VAUGHAN
United States Magistrate Judge